IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| ROOSEVELT DUNLAP, #12937-002, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CIVIL ACTION NO. 3:11cv738-WHA |
| | ) | |
| CORPORAL COOPER, et al., | ) | (WO) |
| | ) | |
| Defendants. | ) | |

**ORDER**

This case is before the court on the Recommendation of the Magistrate Judge (Doc. #4), entered on September 15, 2011, together with the Plaintiff's Objection thereto (Doc. #5), filed on October 3, 2011. After having conducted an independent evaluation and *de novo* review of this case, the court finds the objection to be without merit.

Plaintiff objects to the Recommendation that his Complaint be dismissed under 28 U.S.C. § 1915(e)(2)(B). Plaintiff was incarcerated at the Lee County Detention Center for 5-6 days in April 2011 (Plaintiff is a federal inmate and appears to have been in transit during his incarceration at the county jail.). His Complaint alleges a violation of his Eighth Amendment right to be free from unconstitutional conditions of confinement. Specifically, Plaintiff alleges that he was forced to shower without shower slides in an environment that contained waste and bacteria from the bodies of numerous men. Plaintiff, who has "peeling feet," alleged that Defendants' conduct put him at risk for serious health problems and he feared that he may have picked up a parasitic bacteria as he has since experienced hives, facial swelling, headaches, increased skin peeling, and vision problems.

Plaintiff's objection does not provide a basis on which to withdraw the findings and conclusions in the Recommendation. Plaintiff's repeated concerns that the unhygienic state of the showers at the jail may have possibly caused an infection and endangered his future health remain speculative. Further, while the state of the showers may have been quite unpleasant, as explained in the Recommendation, Plaintiff's complaint in that regard "is not the type of extreme deprivation that can be described as cruel and unusual punishment. *See Hutto v. Finney*, 437 U.S. 678, 686-87 (1978) ("the length of confinement cannot be ignored in deciding whether the confinement meets constitutional standards. A filthy, overcrowded cell and a diet of 'grue' might be tolerable for a few days and intolerably cruel for weeks or months").

Plaintiff's objection is without merit and is hereby overruled. The court adopts the Recommendation of the Magistrate Judge, and it is hereby

ORDERED that this case is DISMISSED with prejudice prior to service of process pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(i).

DONE this 4th day of November, 2011.

/s/ W. Harold Albritton
W. HAROLD ALBRITTON
SENIOR UNITED STATES DISTRICT JUDGE